UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| **THOMAS CUNNINGHAM,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 08-CV-2123 |
| ) | |
| **MICHAEL DOWNEY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION

This case is before the court for ruling on the Motion for Summary Judgment (#85) filed by Defendants the Medical Group of Kankakee County, LLC (TMG), Correctional Officer Lorita Benard, Correctional Officer Tonya Grant, Assistant Corrections Chief Carl Brown, Corrections Chief Michael Downey, Kankakee County, and the Kankakee County Sheriff's Office, and the Motion for Leave to File Amended Complaint Naming Additional Party Defendants (#92) filed by Plaintiff, Thomas Cunningham. This court has carefully reviewed the arguments of the parties and the documents filed by the parties. Following this careful and thorough review, Defendants' Motion for Summary Judgment (#85) is GRANTED in part and DENIED in part, and Plaintiff's Motion for Leave to File Amended Complaint (#92) is DENIED.

## FACTS[1]

Plaintiff was incarcerated at the Kankakee County Detention Center beginning on September 17, 2007. Plaintiff was detained there pursuant to pending federal criminal charges. On October 13, 2007, Plaintiff filled out a sick-call slip seeking treatment for his tooth. On the slip, Plaintiff stated that he had an "emergency" infection in his jaw and an abscessed tooth which was "gumball

---

[1] The facts are taken from the parties' statements of undisputed facts and the documents submitted by the parties, including excerpts from deposition transcripts. This court has only included facts which are adequately supported by evidence in the record.

size." There is no record of a response to this request. On November 1, 2007, Plaintiff submitted another request slip. Plaintiff stated that he had put in several requests for medical treatment and had an abscessed tooth which was causing him great pain. He stated that he "may be forced to pull this tooth tonight I am going to try." A response to this request was written on November 3, 2007, which stated "Will schedule appt - can take 4-8 wks." It is undisputed that, on November 1, 2007, Plaintiff pulled his own tooth. Plaintiff testified that he used a toothbrush to "beat the molar out of [his] jaw." Plaintiff then submitted a second request for medical care on November 1, 2007, which stated that he had "bashed" his tooth out. It is undisputed that Kankakee County had an agreement with a local dentist, Dr. John Peterson, to provide dental services to inmates at both the Kankakee County Detention Center and the Jerome Combs Detention Center. It is further undisputed that "[t]here was typically a wait of four or more weeks to see Dr. Peterson."

On November 3, 2007, Plaintiff submitted a request slip asking for aspirin. He stated he had a fever as a result of taking out his own tooth. On November 4, 2007, Plaintiff submitted a request slip requesting an antibiotic for his teeth, stating that a piece was still left in there and he had a fever. Plaintiff also requested aspirin for pain. Plaintiff was given aspirin in response to this request and also received aspirin or ibuprofen on several other occasions for pain.

On November 17, 2007, Plaintiff submitted a written request slip about open sores on his arms and requested ointment. At some point around that time, Plaintiff showed Defendant Benard sores on his skin and Benard notified a jail nurse about his condition. On November 19, 2007, Plaintiff saw a jail nurse and a culture was taken, which came back positive for methicillin-resistant staph aureus (MRSA). Plaintiff was "quarantined" and moved into isolation until December 3, 2007. He was provided antibiotics, a nasal spray, and a special soap designed to help treat MRSA. Plaintiff testified that the medication made him sick and caused him to throw up. TMG created the

MRSA protocol used by the jail when an inmate was diagnosed with MRSA. The protocol was based on the MRSA protocol used by a local hospital. The protocol involves: (1) assessing a wound; (2) taking a culture; (3) placing the inmate on antibiotics and giving the inmate a nasal ointment and a special cleansing solution; (4) isolating the inmate for 10 days; and (5) reassessing the inmate's wound during the treatment period to make sure that the wound has resolved and that the infection is gone.

On January 17, 2008, the federal defender appointed to represent Plaintiff in his federal criminal case, Christina Farley Jackson, filed a Motion for Immediate Medical Treatment in the Northern District of Illinois. In the Motion, Jackson stated that Plaintiff's requests to see a dentist were ignored and he ultimately resorted to pulling his own tooth, without any medication, "to stop the pain, swelling, and hopefully prevent the infection from spreading further." Jackson stated that Plaintiff continued to request to see a dentist because he believed there was a piece of his tooth remaining, but he was never taken to see a dentist. Jackson stated that Plaintiff believed his significant hearing loss was related to the untreated abscess. Jackson also stated that, after Plaintiff was treated for MRSA, a highly contagious infection, he was released from quarantine even though he "was never medically cleared for release." Jackson stated that Plaintiff was again exhibiting symptoms of MRSA and his requests to see a doctor had been unanswered. Jackson asked that Plaintiff be transferred to the Metropolitan Correctional Center (MCC) so he could receive necessary medical treatment from both a doctor and a dentist. On January 22, 2008, a hearing was held before United States District Judge Harry D. Leinenweber, and Jackson's Motion was granted. Plaintiff was transferred to MCC on February 4, 2008. Plaintiff underwent oral surgery on February 19, 2008, and was seen for MRSA on February 28, 2008.

TMG has a contract with Kankakee County to provide inmates with medical attention. It is

undisputed that TMG is not responsible for providing inmates with dental care or treatment. It is also undisputed that TMG was not responsible for overseeing the handling of inmate sick call slips. Plaintiff never saw a TMG doctor while he was incarcerated at a Kankakee County facility.

At all relevant times, Downey was the Chief of Corrections and Jail Administrator for Kankakee County. At no time during Plaintiff's incarceration did Downey ever meet or communicate with Plaintiff. Carl Brown was the Assistant Chief of Corrections for the Kankakee County Sheriff's Department. Brown worked at the Jerome Combs Detention Center and never had any contact or communication with Plaintiff during his incarceration. As part of his duties, Brown did, every morning, pick up medical request forms submitted by inmates at the Kankakee County Detention Center. Brown took the forms to the Jerome Combs Detention Center and gave the forms to the jail's medical staff for their review. Brown testified that he had never learned of any inmate who completed a request and did not get medical attention.

Benard had very little contact with Plaintiff during his incarceration. Defendants provided documentation which showed that Benard only worked on the floor where Plaintiff was housed on November 13 and 19, 2007. Accordingly, Benard had no contact with Plaintiff before he pulled his own tooth on November 1, 2007. On one occasion after that, Plaintiff asked her for aspirin for a toothache and Benard provided him with aspirin. It is undisputed that, after Plaintiff showed Benard the rash on his arm, Benard spoke with a nurse at the jail and Plaintiff was seen by the nurse on November 19, 2007, and was quarantined for two weeks.

Grant testified that Plaintiff told her he had pulled his own tooth sometime after he returned from quarantine but did not request medical attention at that time. Plaintiff testified that he had spoken to Grant about his dental problems and showed her the lesions on his arm. Plaintiff testified that it was not just Grant, he showed "almost everybody that was on shift my condition." Grant

testified that she did provide aspirin to Plaintiff for a toothache but never observed Plaintiff's rash and never saw Plaintiff with a swollen jaw.

PROCEDURAL HISTORY

On March 19, 2008, Plaintiff sent a pro se Complaint (#1) to the Northern District of Illinois. On May 29, 2008, Plaintiff's case was transferred to this court. On June 3, 2008, Plaintiff's petition for leave to proceed in forma pauperis was granted and his pro se Complaint (#16) was filed in this court. On August 8, 2008, Attorney Fabian J. Rosati entered his appearance on behalf of Plaintiff. On December 3, 2008, a Rule 16 scheduling conference was held. This court approved the parties' Report of Planning Meeting (#44) and accepted the discovery deadline dates set out in the Report. The Report stated that the deadline for amending pleadings and joining additional parties was May 29, 2009. This court also set a final pretrial conference on September 3, 2010, at 11:00 a.m. and a jury trial on September 13, 2010, at 9:00 a.m. This court notes that the dates set gave the parties ample time to complete discovery and proceed to trial.

Plaintiff has filed several amended complaints, the most recent an Amended Complaint (#68) filed on October 21, 2009. In his Amended Complaint (#68), Plaintiff named the following defendants: Michael Downey, Chief of Corrections; the Kankakee County Sheriff's Department; Sheriff Timothy Bukowski;[2] County of Kankakee, Illinois; TMG; Correctional Officer Mike Canfield; Correctional Officer Edwin Kriegel; Correctional Officer Tonya Grant; Corporal Clifton Johnson; Assistant Chief Carl Brown; and Correctional Officer Lorita Benard.[3] In Count I, Plaintiff

---

[2] Defendants are correct that Bukowski was actually dismissed from this lawsuit on September 30, 2009 and should not have been listed as a defendant. On January 7, 2010, this court granted Defendants' oral motion to strike the reference to Bukowski in the Amended Complaint. Accordingly, this court's docket correctly states that Bukowski has been terminated as a party.

[3] This court notes that Plaintiff did not include the first names of many of these defendants in his Amended Complaint. Defendants have included the complete names of the

alleged a "Monell Claim." In Count II, Plaintiff alleged that all defendants were liable under 42 U.S.C. § 1983 for deliberate indifference to Plaintiff's serious medical needs. In Count III, Plaintiff alleged that all defendants were liable under Illinois law for intentional infliction of emotional distress. Count IV was an indemnification claim against Defendant Kankakee County.

On January 11, 2010, this court granted Plaintiff's Motion for an Extension of Time to Complete Discovery (#69) and allowed Plaintiff until March 15, 2010, for the disclosure of experts and expert reports. On February 25, 2010, this court entered an Order (#82) and granted, in part, a new request by Plaintiff to extend discovery deadlines. This court extended the deadline for completing all fact discovery to April 30, 2010, and stated that "[a]ll other discovery deadlines remain in full force and effect." Subsequently, on May 20, 2010, this court extended the deadline for filing motions for summary judgment.

On June 1, 2010, Defendants TMG, Benard, Grant, Brown, Downey, Kankakee County and the Kankakee County Sheriff's Department filed their timely Motion for Summary Judgment (#85), a Memorandum of Law in Support (#86) and a Statement of Undisputed Facts (#87) with supporting documentation. Defendants argued that Defendants Benard, Grant, Brown and Downey were entitled to summary judgment because there was no evidence that they were deliberately indifferent to Plaintiff's condition. Defendants argued that these individuals had little to no contact with Plaintiff during Plaintiff's incarceration. Defendants argued that the same lack of evidence which dooms the § 1983 claims against these Defendants also dooms Plaintiff's intentional infliction of emotional distress claims against these individuals. Defendants also argued that TMG was entitled to summary judgment because the evidence showed that TMG was not responsible for providing

---

defendants in their Motion for Summary Judgment, and this court is confident that Defendants have provided accurate names for the defendants.

dental care to inmates and there was no evidence that Plaintiff was ever seen by a TMG physician or that TMG was ever informed about Plaintiff's requests for medical attention. Defendants argued that Kankakee County was entitled to summary judgment because there was no evidence that the County had an unconstitutional custom, policy or practice which caused Plaintiff's injuries. Defendants further argued that, with respect to the Kankakee County Sheriff's Department, the law is clear that it is not a proper defendant in this case.

On June 22, 2010, Plaintiff filed his Response to Defendants' Motion for Summary Judgment (#89), and, on June 23, 2010, Plaintiff filed his supporting Exhibits (#91). Plaintiff did not respond to the argument that the Kankakee County Sheriff's Department is not a proper defendant in this case. As far as the other Defendants, Plaintiff argued that genuine issues of material fact exist so that summary judgment is not appropriate as to his claims under § 1983.[4] Defendants filed their Reply (#93) on July 7, 2010. Defendants' Motion for Summary Judgment is fully briefed and ready for ruling.

On July 1, 2010, Plaintiff filed a Motion for Leave to File Amended Complaint Naming Additional Party Defendants (#92). Plaintiff stated that there were five additional defendants he wanted to name as defendants because he "is informed and believes and contends thereon that the above named individuals contributed to the various causes of action set forth in Plaintiff's complaint and that each [is a] proper party defendant[] to this action." Defendants filed a Response (#95) on July 19, 2010. Defendants argued that Plaintiff's request to add five additional defendants over a year after the deadline for joining additional parties has passed and months after discovery was closed is "preposterous."

---

[4] Plaintiff made no argument regarding his claims of intentional infliction of emotional distress.

ANALYSIS

I. MOTION FOR SUMMARY JUDGMENT

A. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court has one task and one task only: to decide, based upon the evidence of record, whether there is any material dispute of fact that requires a trial. Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Burwell v. Pekin Cmty. High Sch. Dist. 303, 213 F. Supp. 2d 917, 929 (C.D. Ill. 2002). Speculation, however, is not the source of a reasonable inference. See Burwell, 213 F. Supp. 2d at 929, citing Chmiel v. JC Penney Life Ins. Co., 158 F.3d 966, 968 (7th Cir. 1998). In addition, this court "need not accept as true a plaintiff's *characterization* of the facts or a plaintiff's legal conclusion." Nuzzi v. St. George Cmty. Consol. Sch. Dist. No. 258, 688 F. Supp. 2d 815, 835 (C.D. 2010) (emphasis in original).

The party opposing summary judgment may not rely on the allegations contained in the pleadings. Waldridge, 24 F.3d at 920. "[I]nstead, the nonmovant must present definite, competent evidence in rebuttal." Butts v. Aurora Health Care, Inc., 387 F.3d 921, 924 (7th Cir. 2004). Summary judgment "is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." Koszola v. Bd. of Educ. of City of Chicago, 385 F.3d 1104, 1111 (7th Cir. 2004). Specifically, to survive summary

judgment, the nonmoving party "must make a sufficient showing of evidence for each essential element of its case on which it bears the burden at trial." Kampmier v. Emeritus Corp., 472 F.3d 930, 936 (7th Cir. 2007), citing Celotex Corp., 477 U.S. at 322-23.

## B.  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### A.  KANKAKEE COUNTY

Defendants stated that they do not dispute that Kankakee County is required to indemnify and pay any compensatory damage award entered against an individual Defendant in this case, pursuant to its obligations under 745 Ill. Comp. Stat. 10/9-102 (West 2008).  Defendants argue, however, that Kankakee County should not remain in this case as a named Defendant because the evidence does not support a claim against it under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

It is well settled that Kankakee County is not liable under § 1983 for the conduct of its employees on a respondeat superior theory.  Monell, 436 U.S. at 691; Phelan v. Cook County, 463 F.3d 773, 789 (7th Cir. 2006).  However, the County "or other municipality may be found liable under § 1983 when it violates constitutional rights via an official policy or custom." Wragg v. Vill. of Thornton, 604 F.3d 464, 467 (7th Cir. 2010), citing Monell, 436 U.S. at 694.  "To establish an official policy or custom, a plaintiff must show that his constitutional injury was caused 'by (1) the enforcement of an express policy of the [County], (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking authority.'" Wragg, 604 F.3d at 467-68, quoting Latuszkin v. City of Chicago, 250 F.3d 502, 504 (7th Cir. 2001).

Defendants argue that Kankakee County cannot be liable under Monell because there is nothing unconstitutional about its policies regarding medical care and dental care for inmates.  In

9

response, Plaintiff argued that there are genuine issues of material fact regarding whether Kankakee County had a custom, policy or practice to ignore pleas for medical assistance which encouraged deliberate indifference to the inmates' serious medical needs.

This court agrees with Defendants that Plaintiff has not adequately shown a custom, policy or practice of ignoring pleas for medical assistance. Plaintiff's reliance on a prior case filed by his attorney does not help him. The case relied upon was dismissed after a settlement was reached and no factual findings of any kind were made by this court in that case. Further, Defendants are correct that Plaintiff has acknowledged that Kankakee County has written policies regarding the medical care of its inmates but argued that those policies were "not complied with during the period of time [Plaintiff] was housed" at the facility. This court agrees with Defendants that this argument dooms Plaintiff's Monell claim regarding Kankakee County's written policy as to medical care and regarding Kankakee County's MRSA policy. A Monell claim does not lie when a municipality has a constitutional policy but, for whatever reason, the policy was not followed in a particular instance by the municipality's agents. See Bradich v. City of Chicago, 413 F.3d 688, 690 (7th Cir. 2005). A municipality cannot be liable under § 1983 for its employees' failure to follow its policy unless there is evidence that the failure to follow the policy is "a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law." See Wragg, 604 F.3d at 467-68; see also Bradich, 413 F.3d at 690. Plaintiff has not presented any such evidence in this case.

However, based upon the evidence provided to this court, this court concludes that Kankakee County's official policy regarding dental care may be unconstitutional. According to Defendants' own statements, it is the policy of Kankakee County to contract with only one dentist to treat inmates at both the Kankakee County Detention Center and the Jerome Combs Detention Center. Based upon this policy, it typically takes four to eight weeks to arrange an appointment for an

10

inmate with the dentist, with no exception in the policy for a complaint of an abscessed tooth causing great pain. This court concludes that there is at least a genuine issue of material fact regarding whether this policy of Kankakee County can be considered "gratuitous cruelty" forbidden by the Eighth Amendment. See Berry v. Peterman, 604 F.3d 435, 441-42 (7th Cir. 2010) (noting that dental examinations are inexpensive and commonly sought immediately to address severe dental pain and also noting that a delay in treatment can cause infection to spread from the inflicted tooth into the bloodstream). Accordingly, this court concludes that Kankakee County is not entitled to summary judgment as to Plaintiff's Monell claim regarding the failure to treat Plaintiff's dental problems.

### B. KANKAKEE COUNTY SHERIFF'S DEPARTMENT

Defendants contend that the Kankakee County Sheriff's Department is not a suable entity under § 1983. The Seventh Circuit has held that a police department is not a suable entity under § 1983. See Best v. City of Portland, 554 F.3d 698 fn.* (7th Cir. 2009), citing Chan v. Wodnicki, 123 F.3d 1005, 1007 (7th Cir. 1997), West v. Waymire, 114 F.3d 646, 646-47 (7th Cir. 1997). As noted previously, Plaintiff has not responded to this argument. This court therefore agrees with Defendants that the Kankakee County Sheriff's Department is not a proper defendant and is entitled to summary judgment.

### C. REMAINING DEFENDANTS

Plaintiff has alleged that all of the remaining defendants are liable under § 1983 because they showed deliberate indifference to his serious medical needs, both his need for emergency dental care and his need for appropriate treatment of MRSA. To succeed on these claims, Plaintiff must show (1) the he suffered from an objectively serious medical condition; and (2) that the individual defendant was deliberately indifferent to that condition. Berry, 604 F.3d at 440. The Seventh

Circuit has held that tooth decay "can constitute an objectively serious medical condition because of pain and risk of infection." Berry, 604 F.3d at 440. This court also concludes that MRSA is an objectively serious medical condition. However, Plaintiff must show that each of the defendants acted with deliberate indifference to one or both of his serious medical conditions. "Deliberate indifference occurs when a defendant realizes that a substantial risk of serious harm to the prisoner exists, but the defendant disregards that risk." Berry, 604 F.3d at 440, citing Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference is intentional or reckless conduct, not mere negligence. Berry, 604 F.3d at 837.

Further, there is no vicarious liability or respondeat superior liability in § 1983 claims. See Chavez v. Ill. State Police, 251 F.3d 612, 651 (7th Cir. 2001). Since a § 1983 cause of action is against a "person," a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right. Knight v. Wiseman, 590 F.3d 458, 462-63 (7th Cir. 2009). To be personally responsible, an official "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." Knight, 590 F.3d at 463, quoting Johnson v. Snyder, 444 F.3d 579, 583-84 (7th Cir. 2006); see also Chavez, 251 F.3d at 651.

Plaintiff has argued that Benard and Grant both worked on the same floor where he was housed during the period of time he was suffering from his severely infected tooth and potentially deadly MRSA infection. Plaintiff argued that "he made daily verbal requests to the guards" and contended that both Benard and Grant testified that they vaguely recalled Plaintiff's requests for medical attention. Plaintiff also argued that he "developed obvious swelling to his face" which they must have seen. Plaintiff argued that a genuine issue of material fact therefore exists with regard to whether they were deliberately indifferent to Plaintiff's serious medical needs.

This court agrees with Defendants that Plaintiff has fallen far short of establishing a genuine

issue of material fact regarding deliberate indifference on the part of Benard and Grant. This court agrees that Plaintiff's generic, general assertion of unspecified oral complaints hardly shows that these defendants had knowledge of his medical condition or acted with deliberate indifference.[5] This court also notes that Plaintiff cannot succeed by relying on speculation that Benard and Grant must have noticed his swollen face.

Plaintiff has also not provided this court with any basis for finding that Downey, Brown, or TMG had any awareness of Plaintiff's situation. This court therefore cannot find that a genuine issue of material fact exists regarding liability as to Plaintiff's claims on the part of Downey, Brown or TMG in this case.

For all of the reasons stated, this court concludes that Benard, Grant, Downey, Brown and TMG are entitled to summary judgment on all of Plaintiff's claims.

## II. PLAINTIFF'S MOTION FOR LEAVE TO FILE

This case, which was filed over two years ago, is scheduled for a jury trial on September 13, 2010. Plaintiff has, nevertheless, now asked this court for leave to add five new defendants to the case. Plaintiff has not filed a proposed amended complaint adding the five new defendants.

In their Response (#95), Defendants have argued that Plaintiff's request is "preposterous" and have listed numerous reasons why this is so. These reasons include that fact that the deadline for joining additional parties in this case, May 29, 2009, passed more than a year ago and the fact that discovery has been closed in this case for months. Defendants have also noted that their Rule 26 initial disclosures to Plaintiff, made on January 6, 2009, listed all five of the individuals Plaintiff now seeks at add as defendants. In addition, this case is set for trial in less than two months.

---

[5] This court additionally notes that Plaintiff has likewise not provided any evidence regarding these defendants to support a claim of intentional infliction of emotional distress.

Defendants have also argued that the new defendants would ultimately have to be dismissed from this case because any claims against them would necessarily be time-barred.

This court concludes that a lengthy discussion is not warranted under all of the circumstances persuasively set out by Defendants. This court sees no reason to allow Plaintiff to add new defendants to this case since discovery has been closed since April 30, 2010, and because a firm trial date has been set in this case which is less than two months away.

IT IS THEREFORE ORDERED THAT:

(1) The Motion for Summary Judgment (#85) filed by Defendants the Medical Group of Kankakee County (TMG), Correctional Officer Lorita Benard, Correctional Officer Tonya Grant, Assistant Chief Carl Brown, Chief Michael Downey, Kankakee County, and the Kankakee County Sheriff's Office is GRANTED in part and DENIED in part. The Motion is granted as to Defendants TMG, Benard, Grant, Brown, Downey, and the Kankakee County Sheriff's Office, and judgment is entered in their favor. The Motion is denied as to Defendant Kankakee County.

(2) Plaintiff's Motion to for Leave to File Amended Complaint Naming Additional Party Defendants (#92) is DENIED.

(3) The remaining defendants in this case are Kankakee County, Corporal Clifton Johnson, Correctional Officer Edwin Kriegel, and Correctional Officer Mike Canfield.

(4) This case is scheduled for a settlement conference on August 5, 2010, at 9:30 a.m. and also remains scheduled for a final pretrial conference on September 3, 2010, at 11:00 a.m. and a jury trial on September 13, 2010, at 9:00 a.m.

ENTERED this 21st day of July, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE